**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| VICTOR ALVIDREZ GARCIA, *Plaintiff,* § § § | |
| § | No. EP-20-CV-00026-RFC |
| vs. § § | |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, *Defendant.* § § § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Victor Alvidrez Garcia appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge (ECF Nos. 4, 11), and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules of this district. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I.   PROCEDURAL HISTORY**

On January 12, 2018, Plaintiff filed an application for DIB, alleging disability beginning September 30, 2016.[1] (R:173.) Plaintiff's application was initially denied on March 15, 2018 and again upon reconsideration on July 17, 2018. (R:72, 84.) On March 14, 2019, a *de novo* hearing was held before an administrative law judge ("ALJ"). (R:30.) The ALJ issued an unfavorable determination on April 29, 2019. (R:9.) The Appeals Council denied Plaintiff's request for review on December 20, 2019. (R:1-8.)

---

[1] The ALJ's opinion references a protective filing date of December 20, 2017, and an amended alleged onset date of August 15, 2017. (R:15, 17.)

1

## II.    ISSUE

Plaintiff's sole contention is that the ALJ erred by failing to consider all relevant medical evidence.  (ECF No. 13:2.)

## III.    DISCUSSION

### A.  Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.  *Martinez*, 64 F.3d at 173.  In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*.  *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989).  It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because

substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. Evaluation Process

Disability is the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment(s) that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevent the claimant from performing past relevant work; and (5) whether the impairment(s) prevent the claimant from doing any other work. 20 C.F.R. § 404.1520(4).

An individual applying for benefits bears the initial burden of proving that he is disabled. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps. Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the claimant can perform. *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Selders*, 914 F.2d at 618 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).

Here, at the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 15, 2017, the amended alleged onset date. (R:17.) At the second step, the ALJ found that Plaintiff had the following severe impairments: "obesity, degenerative, disc

disease, and right knee degenerative disease." (*Id.*) The ALJ also found Plaintiff's "abnormal glucose level, hypothyroidism, diabetes mellitus, hypertension and neck problems" to be non-severe. (R:18.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R:20.)

Before the fourth step, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to do medium work. (*Id.*) Specifically, the ALJ found that the Plaintiff was able to do the following: lift and carry no more than 50 pounds occasionally and 25 pounds frequently; stand, walk, and sit for up to six hours in an eight-hour workday; occasionally stoop, kneel, crouch, or crawl; and never climb ladders, ropes, or scaffolds. (*Id.*)

At the fourth step, the ALJ found that Plaintiff was able to perform past relevant work as an Assembler of Electrical Accessories. (R:24.) The ALJ found that the work of an Assembler of Electrical Accessories does not require the performance of work-related activities precluded by the Plaintiff's RFC. (*Id.*) The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 15, 2017, through the date of the ALJ's decision. (R:25.)

### C. Analysis

#### a. The ALJ considered all relevant medical evidence.

Plaintiff first argues that the ALJ erred by failing to consider all relevant medical evidence related to his spinal nerve compression and impingement and lumbar spondylosis. (ECF No. 13:2.) "[T]he ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). The ALJ "must address and make specific findings regarding the supporting and conflicting evidence, the weight

to give that evidence, and the reasons for his or her conclusion regarding the evidence." *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1373 (W.D. Tex. 1993).

In support of this argument, Plaintiff first cites to examinations taken in 2015 at the UMC Neighborhood Health Center that showed spinal nerve compression and impingement. (R:304-42.) As the Commissioner points out in his Response (ECF No. 16:4), this evidence was entitled to little or no weight because Plaintiff had corrective spinal surgery in 2016 and returned to work thereafter, until his alleged disability onset date of August 15, 2017. (R:17, 21, 41-42.) Therefore, the ALJ did not err in disregarding evidence of Plaintiff's spinal nerve compression and impingement from 2015.

Plaintiff also cites Dr. Eleje's March 1, 2018 assessment that Plaintiff has lumbar spondylosis and limitations with lifting, and "Grade 1 anterolisthesis at the L4-5 level with multilevel spine endplate osteophyte formation with joint space narrowing indicating arthritic change." (ECF No. 13:3; citing R:345-349.) Plaintiff argues that the ALJ failed to incorporate Dr. Eleje's finding that Plaintiff had lifting restrictions into the RFC. (ECF No. 13:3, 5.)

The ALJ considered Dr. Eleje's findings in detail and ultimately concluded that "Dr. Eleje['s] opinion is generally consistent with the record." (R:23.) The ALJ noted that Dr. Eleje had found lifting limitations, but did not specify any weight restrictions, and found "no limitations with sitting, standing, moving about, handling objects, carrying, hearing, or speaking." (R:23; citing R:345-350.) During the examination by Dr. Eleje, Plaintiff "was able to stand, stoop, push and pull with his lower extremities," said he could walk up to one and a half miles at a time, and had "full or near full range of lumbar motion." (R:23; citing R:261-269, 345-350.) In sum, the ALJ concluded, Dr. Eleje's opinion indicated that Plaintiff "experienced some limitations, but not to the degree alleged." (R:23.)

Far from disregarding the medical evidence generated by Dr. Eleje, the ALJ considered it in detail. As such, Plaintiff cannot successfully argue that the ALJ failed to consider the medical evidence before him based on the ALJ's analysis of Dr. Eleje's findings.

Moreover, the ALJ's conclusion regarding Dr. Eleje's finding of lifting restrictions was supported by substantial evidence. The Court notes, again, that Dr. Eleje articulated no weight restrictions. Therefore, it is unclear from the Dr. Eleje's opinion evidence what restriction the ALJ should have formulated. The ALJ found that Plaintiff possessed the RFC to "lift and carry no more than 50 pounds occasionally and 25 pounds frequently[.]" (R:20.)

This Court should "not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficienc[y] he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996). Plaintiff does not indicate how Dr. Eleje's vague findings weigh in favor of a more restrictive RFC. The ALJ's findings regarding Plaintiff's RFC are supported by substantial evidence and should be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

### b. The ALJ considered all relevant medical evidence related to pain.

Plaintiff next argues that the ALJ disregarded medical evidence related to his debilitating pain. (ECF No. 13:3.) Plaintiff cites "numerous assessments of spinal stenosis with chronic pain, radiculopathy with chronic pain and major depressive disorder, recurrent, moderate, active." (*Id.*)

Regarding Plaintiff's degenerative disc disease and knee, the ALJ noted MRI's of Plaintiff's spine (R:21, 362, 405-06), spinal surgery on September 30, 2016 (R:21, 432, 464), subsequent medical findings by Dr. Eleje that Plaintiff had no limitations with sitting, standing, moving about, handling objects, carrying, hearing, or speaking (R:21, 345-346), and mixed record of straight leg raises (R:21, 345-346, 428, 483, 539, 542-43). Plaintiff treated his knee pain with

injections (R:22, 430, 464, 508, 514), had x-rays showing only minor problems (R:22, 436), had full range of knee motion on both knees (R:22, 424), and was able to walk a mile and a half at a time. (R:22, 258.)

This was the substantial evidence upon which the ALJ relied when formulating his RFC; the court may not reweigh the evidence on behalf of the Commissioner. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The RFC included the following limitations: lift and carry no more than 50 pounds occasionally and 25 pounds frequently; stand, walk, and sit for up to six hours in an eight-hour workday; occasionally stoop, kneel, crouch, or crawl; and never climb ladders, ropes, or scaffolds. (R:20.)

Plaintiff provides no argument or evidence as to why these limitations are inadequate. This Court should "not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficienc[y] he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996). As Plaintiff has not made such a showing, the Court should not reverse on these grounds.

### c. The ALJ did not err in failing to apply the treating physician rule, which does not apply to this case.

Plaintiff suggests that the ALJ erred in rejecting evidence from a treating physician without contradictory evidence from an examining or treating physician. (ECF No. 10:5.) The treating physician rule does not apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Now, weighing of medical opinions in the record is based on assessments as to supportability, consistency, relationship between the doctor and the claimant, and the

specialization of the physician, as well as other factors. *Id.* at (c). Here, the ALJ's decision should not be overturned for failure to apply the treating physician rule because Plaintiff's benefits application was filed in December of 2017, after 20 C.F.R. § 404.1520c came into effect.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 2nd day of July, 2020.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE